U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2012 DEC 21  PM 4:46

[signature]
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| ipCAPITAL GROUP, INC., | ) |
| Plaintiff | ) |
| v. | )  Docket No.: 2:12-CV-283 |
| JOHN DOE d/b/a/ IP CAPITAL, | ) |
| Defendant. | ) |

**COMPLAINT AND JURY DEMAND**

Plaintiff ipCapital Group, Inc. ("Plaintiff"), by and through its attorneys, Downs Rachlin Martin PLLC, for its Complaint against Defendant John Doe d/b/a/ IP Capital ("Defendant"), alleges as follows:

Nature of Action

1.  This is an action for trademark infringement and unfair competition under the Federal Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), in connection with intellectual property (IP) services. Plaintiff seeks all appropriate relief, including injunctive relief, treble damages, profits, and attorneys' fees.

Parties

2.  Plaintiff is a Delaware corporation with a place of business at 426 Industrial Avenue, Suite 150, Williston, Vermont. Plaintiff provides IP consulting, brokering, and licensing services to its clients, including development and execution of IP strategies, strengthening and monetization of IP portfolios, and establishment and implementation of Intellectual Asset Management practices.

3.  Upon information and belief, Defendant has a principal place of business at 17745

Metcalf Avenue, Building 1, Stilwell, Kansas. According to its website, Defendant provides IP brokerage, licensing, and consulting services.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

5. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant markets its services to potential customers in Vermont. In particular, upon information and belief, Defendant contacts the owners of recently issued patents to solicit IP consultation, brokerage and licensing business relative to such patents.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c).

## Facts

7. Plaintiff owns federal trademark registration numbers 2,657,435 and 2,727,115 for the mark IPCAPITAL GROUP for its IP consultation services. Copies of the Certificates of Registration are attached hereto as **Exhibit A**. Plaintiff also is the owner of U.S. application Serial No. 77/919,031 for the IPCAPITAL GROUP mark for use in connection with various intellectual property consultation services, including "assisting others with the licensing of intellectual property."

8. Plaintiff has used the mark IPCAPITAL GROUP since 1999 to identify its intellectual property consultation services, which have included intellectual property brokerage and licensing services.

9. As a result of Plaintiff's long-term and continuous use of the IPCAPITAL GROUP mark, Plaintiff now enjoys significant goodwill associated with the mark.

10. Despite Plaintiff's registered mark, Defendant has recently begun using IP CAPITAL as a business name and service mark, including on the website at www.bankonip.com (the "IP Capital Website"). A copy of the Home Page from the IP Capital Website is attached hereto as **Exhibit B**. The intellectual property brokerage, licensing and consulting services offered on the IP Capital Website are overlapping with, and highly related to, the services provided by Plaintiff under its registered IPCAPITAL GROUP mark.

11. Plaintiff learned of the IP Capital Website and Defendant's use of the IP CAPITAL mark after a potential customer searching for Plaintiff's services mistakenly contacted Defendant. This customer thought she was working with Plaintiff until she happened to contact Plaintiff and learned of the mistake. Two other potential customers recently contacted Plaintiff. Both were also confused as to the identity of the company offering the IP services they were seeking. Thus, Defendant's use of the IP CAPITAL mark is not only likely to cause confusion, it has actually caused confusion in the marketplace on several occasions. Such use also puts Plaintiff at risk of irreparable injury from tarnishment of its reputation.

12. On December 7, 2012, Plaintiff sent a cease and desist letter to Defendant demanding that it cease all use of its infringing IP CAPITAL mark, but Defendant has persisted in its conduct. In a letter addressed to Plaintiff's counsel dated December 13, 2012, Defendant refused to comply with Plaintiff's requests.

## COUNT I
### Trademark Infringement

13. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 12 of the Complaint as if set forth in full herein.

14. Plaintiff has a valid and protectable trademark, IPCAPITAL GROUP, for its IP

consultation, brokerage and licensing services.

15. Defendant's use of the IP CAPITAL mark as alleged herein creates a likelihood of confusion and, in fact, has actually caused confusion in the marketplace.

16. Defendant's wrongful and infringing use of the Plaintiff's trademark in interstate commerce constitutes trademark infringement under 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a).

17. Defendant's conduct as set forth above is deliberate, willful, and done with actual and constructive notice of Plaintiff's registered trademark and its long-established business.

18. As a result of Defendant's trademark infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## COUNT II
## Unfair Competition Under Section 43(a) of the Lanham Act

19. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 18 of the Complaint as if set forth in full herein.

20. Through its conduct as set forth above, Defendant has engaged and continues to engage in intentional acts of unfair competition and false designation of origin, which are likely to cause confusion, or to cause mistake, or to deceive current and prospective purchasers of Plaintiff's services as to the affiliation, sponsorship, connection, or association of Defendant with Plaintiff and its high-quality services, or as to the origin, sponsorship, or approval of Defendant's services, all to Plaintiff's detriment and damage.

21. Defendant's conduct constitutes unfair competition and false designation of origin under 15 U.S.C. § 1125 and is willful, wanton, and done in a manner designed to cause confusion in the minds of current and prospective purchasers of Plaintiff's services and to intentionally trade on Plaintiff's goodwill.

22. As a result of Defendant's unfair competition, Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## COUNT III
## Common Law Trademark Infringement and Unfair Competition

23. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 22 of the Complaint as if set forth in full herein.

24. The aforesaid conduct of Defendant constitutes unfair competition under Vermont law and is willful, wanton, and done in a manner designed to cause confusion in the minds of current and prospective purchasers of Plaintiff's services and to intentionally trade on Plaintiff's goodwill.

25. As a result of Defendant's common law trademark infringement and unfair competition, Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. Preliminarily and permanently restraining and enjoining Defendant, pursuant to 15 U.S.C. § 1116 and Vermont law, from using the trademark IP CAPITAL or any other mark that is confusingly similar to Plaintiff's IPCAPITAL GROUP mark, from infringing Plaintiff's trademark, and from engaging in unfair competition; and

B. Awarding Plaintiff its damages, together with Defendant's profits and the costs of this action, pursuant to 15 U.S.C. § 1117(a); and

C. Awarding Plaintiff three times its damages pursuant to 15 U.S.C. § 1117(a); and

D. Deeming this an "exceptional case" and awarding Plaintiff its attorneys' fees pursuant to 15 U.S.C. § 1117(a); and

E. Awarding Plaintiff such other and further legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff ipCapital Group, Inc. demands trial by jury of all issues so triable with respect to the Complaint.

Dated at Burlington, Vermont this 21st day of December, 2012.

DOWNS RACHLIN MARTIN PLLC

Matthew S. Borick
mborick@drm.com
Lawrence H. Meier
lmeier@drm.com
199 Main Street
P.O. Box 190
Burlington, VT 05402
Tel: (802) 863-2375
Fax: (802) 862-7512

ATTORNEYS FOR PLAINTIFF
ipCAPITAL GROUP, INC.

13857825.2